BAY CITY BANK *v.* CONCORDIA MUTUAL FIRE INSURANCE
CO.

BILLS AND NOTES—BANK CHECK—PRESENTMENT WITHIN REASON-
ABLE TIME—STATUTES.

Where check was delivered to payee in afternoon, was deposited
in bank for collection next morning, and by it, following usual
custom, held for clearance next day, when drawee bank, located
in same city, failed to open its doors; said check was pre-
sented within reasonable time, and loss must fall on drawer
(2 Comp. Laws 1929, §§ 9249, 9435; Act No. 240, Pub. Acts
1931).

Appeal from Bay; Houghton (Samuel G.), J.
Submitted October 21, 1932. (Docket No. 188, Cal-
endar No. 36,851.) Decided December 6, 1932.

Assumpsit by Bay City Bank, by its receiver,
against Concordia Mutual Fire Insurance Company
for the amount of a check. Judgment for plaintiff.
Defendant appeals. Affirmed.

*Carl H. Smith,* for plaintiff.

*Gilbert W. Hand,* for defendant.

NORTH, J. The question here presented for re-
view is set forth in appellant's brief as follows:

"Where defendant delivered a check to plaintiff
on December 1, 1931, early enough for plaintiff to
have presented same that day for payment to payee
[drawee] bank, or could have deposited it for collec-
tion in its collecting bank on that day and it would
have been paid in the clearances on December 2d,
and all of the parties are in the same city, but in-

As to reasonable time in presenting checks, see annotation in 13
L. R. A. 44.

stead plaintiff deposited it for collection on December 2d in its collecting bank and it was not presented for payment on December 2d but was held for the clearances on December 3d, when the payee [drawee] bank failed to open its doors, was there due presentment?''

The trial court held there was due presentment; and for reasons herein stated we think the holding should be affirmed. Appellant cites, and to some extent at least relies upon, *Holmes* v. *Roe* (1886), 62 Mich. 199 (4 Am. St. Rep. 844), which holds (syllabus):

''Where the person receiving a check, and the banker on whom it is drawn, are in the same place, in the absence of special circumstances it must be presented for payment the same day, or, at latest, the day after, it is received.''

If there were no changes effected in the law by statutory enactments subsequent to decision in the *Holmes Case,* we think appellant would be correct in asserting that it is a controlling precedent, unless the instant case is distinguished by proof of a controlling local custom. The pertinent sections of the negotiable instruments act, which became effective in 1905, are:

''A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay.'' 2 Comp. Laws 1929, § 9435.

''In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case.'' 2 Comp. Laws 1929, § 9249.

Section 9435, above quoted, is merely declaratory of the common-law rule. See note in Bunker on Negotiable Instruments, p. 228. But in addition to the above-quoted statutory provisions we have the more recent Act No. 240, Pub. Acts 1931, known as the bank collection code, which provides:

"SEC. 6 (B). Where an item is received on deposit or by a subsequent agent bank for collection, payable by or at another bank in the same town or city in which such agent bank is located, it shall be deemed the exercise of ordinary care to present the item for payment at any time not later than the next business day following the day on which the item is received either (1) at the counter of the drawee or payor by agent or messenger or (2) through the local clearing house under the regular established procedure, or according to the usual banking custom where the collecting or payor bank is located in an outlying district."

Because of this statutory provision, the depository bank in the instant case conclusively "exercised ordinary care" by presenting this check for payment to the drawee bank the "next business day following the date on which the item" was received. It must follow that there was no negligence in presenting this check for payment unless the payee was guilty of negligent delay in depositing it in its bank. As noted above, defendant delivered its check to plaintiff between one and three o'clock in the afternoon of December 1, 1931, and plaintiff deposited the check in its bank for collection the next morning. We have found no case holding that one who acted with this degree of promptness in depositing a check for collection in regular course was negligent in that he did not deposit it within a reasonable time after its issue. To require a

greater degree of promptness would be a bar to the reasonable practical use of checks 'in commercial transactions. If a creditor is willing to accommodate a debtor by accepting his check in lieu of cash the debtor must grant to the creditor a reasonable opportunity to place the check in due course for collection. The debtor's alternative is to pay in cash. Further, it would seem to be a strained construction of the law to require a greater degree of promptness on the part of the payee in depositing a check for collection than is required by express statutory provision of the depository bank in presenting the check for payment to the bank upon which it is drawn. In the instant case the payee acted with the reasonable degree of diligence required by law.

Appellant has cited decisions holding that transfer of a check or depositing it in a bank for collection does not extend the time of presentment for payment; and many cases are cited to the proposition that where the parties reside in the same place presentment for payment must be not later than the next business day after receipt. We think the practical effect of Act No. 240, Pub. Acts 1931, is to extend the time for presentment, and to render the cited cases inapplicable. The wisdom and fairness, and we may almost say the necessity, of the statutory provision is self-evident to any one familiar with the use of checks in ordinary commercial transactions.

The holding of the trial court is further fortified by ample testimony of competent witnesses that the depositing of this check the morning following its receipt and its presentment for payment the next day after it was deposited was according to the

regular custom of business at the time and place of this transaction. See 2 Comp. Laws 1929, § 9249, above quoted.

Judgment is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.