CONTINENTAL BANK & TRUST CO. OF NEW YORK *v.*
DETROIT TRUST CO.

1. BILLS AND NOTES—BANKS AND BANKING—PRESENTMENT—REASONABLE TIME.

Check must be presented within reasonable time after it is received by depository bank.

2. Same—Presentment Next Day Reasonable Time—Statutes.
    Under Act No. 240, Pub. Acts 1931, § 6(b), reasonable time for
    presentment is "not later than the next business day follow-
    ing the day on which the item is received," where collecting
    bank and drawee bank are located in same city, and statute
    does not make negligence of bank depend on its failure to
    follow its usual custom of doing business.

3. Same.
    Where check was delivered to payee bank in morning, was depos-
    ited with collecting bank in same city next day, and was
    presented for clearance the following day, by which time
    drawer had been closed by banking commissioner, presentment
    was within reasonable time, under statute, although there was
    time to present it to drawee bank on day of delivery, and
    had this been done payment would have been made (Act
    No. 240, Pub. Acts 1931, § 6[b]).

4. Same—Speed in Presentment Not Required Unless Requested.
    Where trustee, although it had knowledge that it was in pre-
    carious financial condition, and was closed by banking com-
    missioner following day, drew check for transference of trust
    fund and delivered it without requesting speed in its present-
    ment, payee was under no obligation to act with greater
    promptness than was required by statute (Act No. 240, Pub.
    Acts 1931, § 6[b]).

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 13, 1933. (Docket No. 155, Calendar No. 36,942.) Decided April 4, 1933.

Assumpsit by Continental Bank & Trust Company of New York, successor-trustee, against Detroit Trust Company, a Michigan corporation, for certain trust funds. Judgment for defendant. Plaintiff appeals. Affirmed.

*Slyfield, Hartman, Mercer & Reitz,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

McDonald, C. J. The Fidelity Bank & Trust Company of Detroit closed its doors against business on October 7, 1931, and was taken over by the banking

commissioner. It had been trustee for the Prudential Investors' Incorporation, which was engaged in the business of investing funds for parties with whom it had contracts for that purpose. These contract holders paid their money to the trustee, who invested it as directed by the Prudential corporation. In the course of business the Fidelity Bank & Trust Company, trustee, had in its hands trust funds amounting to $17,215.93. Having information that the trustee was not in a sound financial condition, the Prudential corporation directed it to deposit the money with the defendant, Detroit Trust Company, which it did, by check drawn on the National Bank of Commerce, Detroit, and received therefor two certificates of deposit equaling the amount of the check and payable to itself as trustee. This business was transacted about 10:30 o'clock in the forenoon of October 6, 1931. The Detroit Trust Company indorsed the check and deposited it with the First National Bank of Detroit for collection in the morning of October 7, 1931. The First National Bank presented it for payment to the National Bank of Commerce, the drawee, through the clearing house on October 8, 1931. In the meantime the Fidelity Bank & Trust Company had been closed by the banking commissioner and the drawee bank notified not to honor any of its checks. Payment was refused, and the check returned to the Detroit Trust Company. After the failure of the Fidelity Company, the Continental Bank & Trust Company of New York was appointed successor-trustee, and began this suit to recover the amount of the two certificates of deposit. The issue was tried by the court without a jury. Judgment was rendered in favor of the defendant. The plaintiff has appealed.

Many angles of this case are discussed in the briefs of counsel, but in the last analysis the issue

narrows down to the question whether the defend-
ant exercised ordinary care in presenting the check
in time for payment. A check must be presented
within a reasonable time after it is received by the
depository bank. A reasonable time for present-
ment is defined by statute, Act No. 240, Pub. Acts
1931, § 6 (b) as "not later than the next business
day following the day on which the item is received."
This statute was quoted and construed by Mr. Jus-
tice NORTH in *Bay City Bank* v. *Concordia Mutual
Fire Ins. Co.*, 260 Mich. 611, which decision we think
is a controlling precedent for the instant case. The
material facts are substantially the same. In that
case the business places of all the parties were in
the same city. The check was delivered to the Bay
City Bank on December 1, 1931, early enough for
presentment to the drawee bank on that day or for
deposit for collection with its collecting bank. It
was not deposited with the collecting bank until
December 2d, and was not presented for payment
through the clearing house before the drawee bank
failed and closed on December 3, 1931. If the Bay
City Bank had acted promptly when it received the
check it could have been cleared and paid on Decem-
ber 2d, while the drawee bank was still doing busi-
ness. On these facts this court held there was due
presentment.

In the instant case the business places of the par-
ties were in the same city. The check was delivered
on October 6, 1931, to the Detroit Trust Company in
time for presentment to the drawee bank on that
day or for deposit with its collecting bank. If the
trust company had taken either course on that day
the check would have been honored. Instead, the
deposit was not made with the collecting bank until
October 7, 1931, and did not get through the clearing
house in time for presentment until October 8th,

after the drawer had failed and its checks were not collectible. Under authority of the *Bay City Bank Case,* we must hold that there was no negligent delay in presenting this check.

But counsel for the plaintiff claim a distinction between this case and the *Bay City Bank Case,* in that in the latter case the depository followed its regular custom of business in presenting the check, whereas in this case it did not do so. The statute of 1931 does not make negligence of a bank depend on its failure to follow its usual custom of doing business. Banks cannot always do so. In this case, it was the custom of the defendant to deposit its checks with the First National Bank for clearance twice daily, but there was testimony that at the time the check in question was received the trust company had an unusually large number of dividend checks, which clogged the business as customarily conducted. However, the fact that the company had two opportunities to deposit the check with its collecting bank on the day it was received is not so important as it would have been prior to the 1931 statute. Since the enactment of this statute, a bank acts with sufficient promptness if the check is deposited with its collecting bank not later than the next business day after it is received.

A further distinction claimed by the plaintiff is that in this case Mr. Browning, president of the Detroit Trust Company, knew that the drawer of the check, the Fidelity company, was in a precarious financial condition, and that it was his duty to hurry the check on for presentment. We see no merit in this contention. It will be noted that the bank upon which the check was drawn did not fail. It was solvent and had sufficient money with which to honor the check. It was the drawer that failed. It issued the check on October 6th, and was closed by the bank-

ing commissioner on the next day. It must have known that it was in a very precarious financial condition and might be closed at any time. With this knowledge of its condition it did not draw out the money and pay cash for the certificates of deposit, but adopted the more convenient way of paying by check. It made no request for speed in presenting the check for payment. In the absence of some instruction in that respect, the defendant company was under no obligation to act with greater promptness than was required by the statute. We think the trial court correctly decided the issue.

The judgment is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.